```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**SEBERT JUNIOR MAXWELL, III,**

    **Movant,**

**v.**                                     **Case No. 2:09-cv-01039**
                                             **Case No. 2:07-cr-00228-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 28, 2009, Movant, Sebert Junior Maxwell, III (hereinafter "Defendant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 33). He is serving a sentence of 151 months imposed on April 30, 2008, based on his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Judgment entered May 7, 2008, # 14.) Defendant's direct appeal was unsuccessful. United States v. Maxwell, No. 08-4579, 300 Fed. App'x 201 (4th Cir. Nov. 18, 2008). Defendant did not file a petition for a writ of certiorari.

Defendant raises four grounds for relief which he expresses as follows:

> Ground one: The 151 month sentence in this case is unreasonable because it's greater than necessary to achieve the purpose [of sentencing].
>
> Ground two: The sentencing range under the guidelines as calculated by the court are not mandatory.

> Ground three: The district court abused its descretion [sic; discretion] according to [18 U.S.C. §] 3553(a).
>
> Ground four: If I was in fact remand[ed] for resentencing and I don't get sentenced as a career offender and I get sentenced on a 1-1 ratio, then my guideline range would be at level 12 in a sentencing category of VI and my guideline range would then be 30-37 months.

(# 33, at 4-8.) Defendant was sentenced as a career offender. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967); Defendant filed a *pro se* supplement. Defendant acknowledges that, on direct appeal, he raised the issues which he is raising in his § 2255 motion. (# 33, at 4-7.)

It is well-established that absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal. *See*, *e.g.*, United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (*per curiam) (*explaining that criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"). The undersigned proposes that the presiding District Judge **FIND** that Defendant's grounds for relief were issues raised on direct appeal and cannot be relitigated in his § 2255 motion.

It is respectfully **RECOMMENDED** that the Section 2255 motion be denied.

2

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

<u>November 23, 2009</u>           *Mary E. Stanley*
    Date                               Mary E. Stanley
                                           United States Magistrate Judge